Andrew McClain, J.,
delivered the opinion of the Court.
*152 A judgment was recovered against Price and Hick-erson on the following note:
“$1,200. Six months after date, we or either of us, promise to pay William Ramsey or order, twelve hundred dollars, for value received, to be paid in gold.
“W. H. BURROUGHS, [Seal.]
“P. H. Peicb, [Seal.]
“Wiley Hickerson, Security. [Seal.]
“July 20, 1860.”
The suit was commenced against Burroughs, Price and Hickerson, but Burroughs was not served with process; was dismissed as to him, and judgment takeij against Price and Hickerson only.
After this judgment was rendered, an execution issued and was levied on the land of Price, which was sold, and bought by the plaintiff in the execution, for the amount of the judgment and costs and commission, and the execution was returned satisfied in full.
Price moved for judgment against Hickerson as co-surety, for his ratable part of the judgment. It not appearing on the face of the note that Price was a surety, the question was submitted to a jury, who returned a verdict that he was surety to the note. A judgment was rendered by the Court in favor of Price against Hickerson, for one-half the amount of the judgment and commission which had been paid off by sale of the land of Price, as before stated.
From this judgment, Hickerson has appealed to this Court.
Section 3625 of the Code, is relied upon as authority for this proceeding. That section is in these words:
*153 “A co-surety, against whom judgment has been rendered for the whole debt, or who has paid more than his ratable share of such judgment, may have judgment, on motion, against all the other parties to the instrument not included in the original judgment, for the ratable share of each.”
This is plain. It gives no right of motion against a co-surety who is included in the original judgment, as Hickerson’s was in the present case.
The law and the practice, before the Code, were different: See Act of 1809, chap. 69, sec. 3.
We make no comment upon the reason or policy of the change.
We must administer the law as it is written.
Let the judgment be reversed, and the motion dismissed.